IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QC INFUSION, INC. d/b/a<br>QUEEN CITY HEMP, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-1074 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| | : | Magistrate Judge Jolson |
| STATE OF OHIO BOARD OF<br>PHARMACY; | : | |
| | : | |
| OHIO DEPARTMENT<br>OF AGRICULTURE, | : | |
| | : | |
| and | : | |
| | : | |
| DAVE YOST,<br>in his official capacity as<br>Ohio Attorney General, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter comes before the Court on Defendants' Motion to Dismiss. For the reasons below, Defendants' Motion is **GRANTED** and this case is hereby **DISMISSED**.

### I. Background

Plaintiff QC is a foreign corporation, organized under the laws of Delaware and with its principal place of business in Cincinnati, doing business in Ohio under the name "Queen City Hemp." (ECF No. 1 at ¶ 3). Defendants are agencies of the State of Ohio and the Attorney General ("AG") of Ohio. (ECF No. 1 at ¶¶ 5, 6). The Complaint notes the "Ohio AG is the chief law officer for the State of Ohio and is named as a nominal defendant in his official capacity because this action seeks a declaratory judgment relating to sections of the

Ohio Revised Code." (ECF No. 1 at ¶ 6). Plaintiff brought this action pursuant to the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and requests that this Court "declare the rights and other legal relations of the parties." (ECF No. 1 at ¶ 7). In addition to the Complaint, Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 8). Defendants filed a Motion to Dismiss. (ECF No. 10). This Court scheduled a hearing on the request for a preliminary injunction for May 2, 2019. But, finding it lacks the jurisdiction to hear this case, this Court hereby enters this order instead. Accordingly, the hearing is cancelled.

## II. Standard of Review

Before a court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, it must first decide whether it has subject matter jurisdiction. *City of Health, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). In reviewing a factual attack on subject matter jurisdiction under Rule 12(b)(1) no "presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a

2

test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III. Analysis

Defendants first argue Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff requests declaratory judgment pursuant to a federal statute, but the relief they request is a determination of their rights under the Ohio Revised Code. Plaintiff requests this Court interpret Ohio law and determine the status of THC and hemp under Ohio's controlled substances laws. (ECF No. 8 at 10-21).

This Court lacks subject matter jurisdiction to hear this case because it does not present a federal question. It is "well-settled law" that the Declaratory Judgment Act does not "serve as a basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 446, 470 (6th Cir. 2003). The Supreme Court has explained that this

3

is because the DJA does not expand federal jurisdiction, and parties must have a separate basis for jurisdiction to be in federal court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The DJA is "procedural only." *Id.* (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)). The DJA only created a new type of relief which federal courts could offer, but it did not "give right of entrance to federal courts." *Skelly Oil*, 339 U.S. at 671. A plaintiff may not bootstrap their complaint to the DJA to create a federal question; rather, subject matter jurisdiction must be present on the face of the well-pleaded complaint. *Id.* at 672.

Neither is this a case where a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The only federal law so raised in Plaintiff's complaint is the DJA. As a result, this Court lacks subject matter jurisdiction to hear this case.

Defendants next argue this case is barred by the Eleventh Amendment because a state may not be sued in federal court without its consent, unless Congress has abrogated its immunity. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." U. S. CONST. AMEND. XI. The Supreme Court has construed the Eleventh Amendment to determine that "federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). (internal quotation

4

omitted). This principle of sovereign immunity limits the federal judicial power. *Id.* A lengthy history and long-standing Supreme Court precedent thus "establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Id.* at 100.

Plaintiffs may plead around sovereign immunity by naming a state official in her official capacity, but "it is plain that such officer must have some connection with the enforcement of the [challenged] act." *Ex Parte Young*, 209 U.S. 123, 157 (1908). Plaintiffs here acknowledge AG Yost is a "nominal defendant," named only because he is the "chief law officer for the State of Ohio" and Plaintiff seeks declaratory judgment "relating to sections of the Ohio Revised Code." (ECF No. 1 at ¶ 6).

But courts have not read *Young* expansively. *Young* only "abrogates a state official's Eleventh Amendment immunity when a suit challenges the constitutionality of a state official's *action*." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) (emphasis in original). A prosecutor or other law enforcement official may not be named as a defendant simply because of their title, because a general "authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* at 1416 (citing *1st Westco Corp. v. School Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993)).

The state agency defendants may not be sued in this Court because of the Eleventh Amendment, and naming the Attorney General as a "nominal defendant" fails to meet the narrow exception to sovereign immunity set forth in *Ex Parte Young*. As a result, Plaintiff's complaint must be dismissed.

5

## IV. Conclusion

Plaintiff's complaint is barred by the Eleventh Amendment and does not satisfy the pleading requirements of the narrow *Ex Parte Young* exception. Further, because the DJA does not create an independent federal question, this Court lacks subject matter jurisdiction to consider this case. As a result, Defendants' Motion is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

                                                            s/Algenon L. Marbley
                                                          **ALGENON L. MARBLEY**
                                                          **UNITED STATES DISTRICT JUDGE**

**DATED: April 30, 2019**